FILED
SUPERIOR COURT
OF GUAM

2021 MAY 10 AM 9: 30

BY_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| In the matter of: | **Special Proceedings Case No. SP0038-20** |
| **CLARICE B. PEREDO,** | |
| Employee, | |
| **vs.** | **DECISION AND ORDER** |
| **GUAM BEHAVIORAL HEALTH AND WELLNESS CENTER, GOVERNMENT OF GUAM,** | |
| Respondent. | |

## INTRODUCTION

This matter came before the Honorable Dana A. Gutierrez on February 9, 2021 for a Motion Hearing regarding Respondent Guam Behavioral Health and Wellness Center, Government of Guam's ("Respondent") Motion to Dismiss Verified Petition and Action With Prejudice for Lack of Subject Matter Jurisdiction, Failure to Name the Civil Service Commission As a Necessary Party and Failure to State a Claim for Relief ("Motion to Dismiss" or "Motion"). Present via Zoom were Attorney Jacqueline Taitano Terlaje representing Petitioner Clarice B. Peredo ("Petitioner") and Assistant Attorney General Donna Lawrence representing Respondent. Having duly considered the arguments presented and the applicable law, the Court now issues the following Decision and Order **GRANTING** Respondent's Motion to Dismiss.

## BACKGROUND

On or about May 2016, Petitioner separated from her employment at Guam Behavioral Health

and Wellness Center ("GBHWC") in good standing and at Step 5 of her pay grade. Petition, at 2 (Feb. 27, 2020); Civil Service Commission Decision and Judgment ("D&J"), at 2 (Jan. 28, 2020). On or about February 2017, Petitioner requested re-employment to her former position at the same pay grade and step. D&J, at 2. On June 14, 2017, Management at GBHWC informed Petitioner that she must sign a letter stating she would accept re-employment at Step 1. *Id.* On June 15, 2017, Petitioner signed the letter accepting re-employment at Step 1 and a Personnel Action confirming re-employment was issued on July 28, 2017. Petition, at 3.

On December 22, 2017, Petitioner instituted Step 1 of the grievance procedures set forth in the Department of Administration Personnel Rules and Regulations ("DOA Personnel Rules" or "DOA PR&R") arguing that Petitioner signed the letter involuntarily and that she should be reinstated at Step 5 of her pay grade. D&J, at 2. After completing Steps 2-4 of the grievance procedure, Petitioner submitted a Step 5 grievance appeal to the Guam Civil Service Commission ("CSC") on March 13, 2018. Petition, at 3. Prior to a hearing on the merits of the grievance, Respondent filed motions to dismiss Petitioner's CSC Step 5 grievance appeal for lack of subject matter jurisdiction on January 18, 2019 and March 12, 2019. Motion, at 3. Petitioner did not file an opposition to the motions. *Id.* On April 25, 2019, the CSC heard arguments on the motions and voted 3 to 2 in favor of Respondent. Motion, Exhibit 3, July 18, 2019 Decision and Order (June 29, 2020). However, the CSC issued a Decision and Order ("D&O") on July 18, 2019 holding that Respondent's motion to dismiss failed because Respondent did not acquire the necessary four (4) affirmative votes. *Id.*

Petitioner's CSC Step 5 grievance appeal proceeded before the CSC for a grievance hearing on November 21, 2019. D&J, at 1. On January 28, 2020, the CSC issued a Decision and Judgment voting 3 to 2 in favor of Petitioner; however, the grievance failed because Petitioner did not secure the necessary vote of 4 in order to support the grievance. *Id.* at 2-3 (Jan. 28, 2020).

2

On February 27, 2020, Petitioner filed a Verified Petition for Judicial Review ("Petition") in the Superior Court of Guam requesting the following relief: 1) for an order that the CSC Decision and Judgment dated January 29, 2020 be vacated; 2) for an order declaring the Decision and Judgment null and void; 3) for an order finding that the CSC, notwithstanding the substantial evidence presented, failed to find that the conduct of GBHWC violated 4 GCA §2108 and DOA Personnel Rules 4.502 and 6.006; 4) for an order directing GBHWC to determine the amount of back wages and benefits to which Petitioner is entitled but for the violation of 4 GCA §2108, DOA Personnel Rules 4.502 and 6.006; 5) that the Court find that Petitioner is a party adversely affected by the Decision and Judgment dated January 29, 2020; 6) for equitable relief, as may be proper; and 7) for attorney's fees and costs of suit.

On June 29, 2020, Respondent filed the Motion to Dismiss asserting that the Petition must be dismissed with prejudice for lack of subject matter jurisdiction, failure to name the CSC as a necessary party, and for failure to state a claim for relief. On July 27, 2020, Petitioner filed her Opposition to the Motion to Dismiss, and Respondent filed their Reply on August 10, 2020. The Court held the Motion Hearing on February 9, 2021 and subsequently took the matter under advisement.

## DISCUSSION

In *Guam Police Dep't v. Guam Civil Serv. Comm'n (Charfauros)*, the Guam Supreme Court determined that the Guam Rules of Civil Procedure ("GRCP"), including Rule 12(b)(6), apply to petitions for judicial review. 2020 Guam 12 ¶ 10. Here, Respondent moves to dismiss the Petition pursuant to Rule 12(b)(1), (b)(6), and (b)(7) of the GRCP.[1] As the Motion to Dismiss is substantively based on grounds enumerated in Rule 12(b), similar to *Charfauros*, the Court finds that Rule 12 of the GRCP applies.

---

[1] The Court notes that Respondent does not specifically cite to these rules in the Motion to Dismiss, but the Court will address Respondent's arguments pursuant to the rules of the GRCP, as applicable.

### A. Standard of Review for Rule 12(b)(1) Challenges to Subject Matter Jurisdiction.

When addressing motions to dismiss pursuant to Rule 12(b)(1), the Court must first determine whether the moving party is asserting a facial or factual challenge to subject matter jurisdiction. *See Lisangan v. Gov't of Guam*, 2020 Guam 27 ¶ 38, note 6 (reasoning that in a factual challenge to jurisdiction, the trial court may look to evidence outside the pleadings); *Wichansky v. Zoel Holding Co.*, 702 Fed. Appx. 559, 560 (9th Cir. 2017) ("A Rule 12(b)(1) jurisdictional attack may be facial or factual."); *State v. One Love Ministries*, 416 P.3d 918, 927 (Haw. Ct. App. 2018).

A facial challenge asserts that the absence of jurisdiction can be established by considering only the allegations of the complaint itself. *One Love Ministries*, 416 P.3d at 927; *see Wichansky*, 702 Fed. Appx. at 560. By contrast, a factual challenge to jurisdiction attacks the validity or truthfulness of the facts alleged which support the existence of jurisdiction. *Id.* Here, Respondent argues that even assuming that all the facts pled by Petitioner are true, Petitioner has failed to establish that the matter at issue was a proper grievance complaint appeal before the CSC and, therefore, the CSC had no jurisdiction to address the matter. Motion, at 11-13. Accordingly, the Court finds that Respondent has asserted a facial challenge to jurisdiction.

The standard when addressing a facial challenge to jurisdiction is substantively the same as the standard applied when addressing a motion to dismiss under Rule 12(b)(6): the allegations of the complaint must be accepted as true and construed in the light most favorable to the plaintiff. *One Love Ministries*, 416 P.3d at 927; *see Wichansky*, 702 Fed. Appx. at 560. Additionally in facial challenges, the Court must not look beyond the face of the complaint—in this case, the Petition—to determine whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction. 2 James Wm. Moore, Moore's Federal Practice § 12.30[4], at 12-45 (3d ed. 2012) (internal citations omitted).

### B.     Timeliness Not Subject To Review.

First, Respondent argues that Petition must be dismissed due to the CSC's lack of jurisdiction because Petitioner did not initiate Step 1 of the grievance process within the required fifteen (15) day time period pursuant to DOA Personnel Rule 12.505(B)(1). Motion, at 8-9. However, the Court notes that Respondent did not provide the Court with any documentation, such as a declaration or copies of the motions to dismiss filed before the CSC on January 18, 2019 and March 12, 2019, in order to demonstrate that the timeliness argument was raised before the CSC.[2] In addition, although the Respondent attaches the CSC's July 18, 2019 D&O denying Respondent's motion to dismiss for lack of jurisdiction, the attachment did not mention any argument made by Respondent as to the timeliness of the grievance. Motion, Exhibit 3, at 1-2.

Ultimately, the Court is unable to determine whether the Respondent properly preserved the issue of timeliness for appeal because neither party presented the Court with any record of the timeliness arguments that may have been raised before the CSC. *See Guam Dep't of Educ. v. Civil Serv. Comm'n (Somerfleck)*, 2019 Guam 21 ¶ 8 ("The objection to timeliness of the Teachers' grievance was raised before the CSC and again on appeal at oral argument. Therefore, the objection has not been forfeited[.]"). Because the parties failed to present the Court with any evidence of the arguments raised before the CSC on this issue, this Court will not make a finding as to whether the CSC lacked jurisdiction due to untimeliness of the grievance.

### C.     The CSC Lacked Jurisdiction.

Additionally, Respondent argues that the Petition should be dismissed due to the CSC's lack of jurisdiction because the personnel action for which Petitioner seeks relief is not a grievance as defined

---

[2] At the hearing on the Motion, Respondent asserted that the objection to timeliness was raised before the CSC; however, Respondent did not direct the Court to any record supporting this assertion. Min. Entry (Feb. 9, 2021).

in the DOA Personnel Rules and as authorized by 4 GCA § 4403(c). Motion, at 7, 11-14. In response, Petitioner argues that 4 GCA § 4403(d) grants the CSC the authority to determine a violation of Guam personnel laws or rules, and that the CSC did not dismiss the appeal for lack of jurisdiction as a matter excluded under the grievance rules. Opposition, at 6.

Ultimately, the courts have the final responsibility to interpret the law and determine whether a challenged administrative action was unauthorized and therefore void. *Guam Fed'n of Teachers v. Gov't of Guam*, 2013 Guam 14 ¶ 64. As a result, if the CSC's decision was unauthorized due to a lack of jurisdiction to hear Petitioner's grievance appeal, then this Court would consequently lack jurisdiction to review the decision.

Guam statutes governing the CSC are addressed in Article 4 of Title 4 of the Guam Code Annotated. Specifically, the duties, powers, and responsibilities of the CSC are outlined in 7 GCA § 4403. Pursuant to 7 GCA §§ 4403(c) and (d), the CSC can "hear appeals of . . . grievance complaints . . . of an employee from the classified service **if such right** of appeal to the Commission **is established in the personnel rules** governing the employee," and "may investigate and set aside and declare null and void any personnel action of an employee in the classified service if the Commission finds after conducting the necessary investigation that the personnel action was taken in **violation of personnel laws or rules**[.]" (emphasis added).

Pursuant to 10 GCA §§ 86108(f)(1), GBHWC, as an executive agency established through 10 GCA § 86103, may adopt its own rules and regulations in accordance with Guam's Administrative Adjudication Law, codified at 9 GCA §§ 9100 *et seq*. GBHWC has adopted the DOA Personnel Rules to govern employee rights, conduct, and obligations, and management responsibilities and actions.[3]

---

[3] *See* Guam Behavioral Health and Wellness Center, Human Resources/Personnel Services & Training, DOA Personnel Rules and Regulations, https://gbhwc.guam.gov/policies.

6

Further, the DOA Personnel Rules apply to all employees occupying classified positions employed by the departments and agencies under the jurisdiction of the DOA. DOA PR&R 1.000(A). Therefore, the DOA Personnel Rules apply to Petitioner as she was an employee of GBHWC, a line agency under the jurisdiction of the DOA.[4] Motion, at 11.

### 1. 4 GCA § 4403(d) Is Not Applicable to the CSC's Jurisdiction in This Case.

Although Petitioner asserts that the CSC is granted the authority to null and void personnel actions pursuant to 4 GCA § 4403(d) and therefore has jurisdiction, the record before the Court demonstrates that Petitioner pursued the *grievance* procedures governed by DOA Personnel Rules 12.500-12.900. *See* Petition, at 3 ¶ 14; D&J, at 1-3. The CSC is granted jurisdiction to hear grievance appeals through 4 GCA § 4403(c), therefore 4 GCA § 4403(d) would not be relevant to whether the CSC has jurisdiction in the case at bar. Accordingly, the Court finds that the Petitioner's reliance on 4 GCA § 4403(d) to invoke the CSC's jurisdiction is not applicable to this matter.

### 2. 4 GCA § 4403(c) Does Not Give the CSC Jurisdiction Because the Action At Issue Is A Grievance Related to Job Classification.

Petitioner's grievance before the CSC was based on an allegation that GBHWC violated 4 GCA § 2108 and DOA Personnel Rules 4.502 and 6.006. Petition, at 6.[5] Sections 12.100 and 12.200

---

[4] The Court notes that at the hearing on the Motion, the parties informed the Court that Petitioner is no longer employed by GBHWC. Min. Entry (Feb. 9, 2021). However, Respondent did not assert that this fact affects the outcome of the present Motion. *Id.*

[5] Title 4 GCA § 2108 provides:

> Former classified employees of Government of Guam who were in good standing at the time of resignation may be hired at not less than the salary they earned at their former position if they apply for the same or comparable job in the same department. This re-employment credit privilege must be exercised within a four (4) year period. The employee may waive this privilege.

DOA Personnel Rule 4.502 provides:
> A permanent classified employee who separated through resignation or retirement while in good standing may be eligible for reemployment, without competition, to the same or comparable position in the same department within four years from the date of separation . . . A reemployed employee may be hired at not less than the salary earned at the former position. Reemployment appointments are not subject to the certification procedures as described in these rules.

of the DOA Personnel Rules define the meaning of grievances as they apply to permanent classified

employees as follows:

> Definition. A grievance is any question or complaint filed by a permanent employee alleging that there has been a misinterpretation, misapplication or violation of a personnel statute, rule, regulation, or written policy **which directly affects the employee in the performance of his official duties**; or that he has received prejudicial, unfair, arbitrary, capricious treatment in his working conditions, or work relationships.
>
> Coverage. Grievances may include but are not limited to, such matters as employee-supervisor relationships, duty assignments **not related to job classification**, shift and job locations assignments, hours worked, working facilities and conditions, policies for granting leave and other related matters.

(emphasis added). DOA Personnel Rule 12.301(E) also states that appeals from classification

determinations are not covered by Chapter 12 grievance procedures.

Further, DOA Personnel Rule 5.002 provides that:

> Classification standards established by the Civil Service Commission placed positions in their proper classes and pay grades to:
> A) define the various classes of positions that exist in the classified service in terms of duties, responsibilities and qualification requirements. Standards may be created, amended or abolished;
> B) establish the official class titles; and
> C) set forth the pay grades.

Based on the language in these rules, the Court finds that the salary of a re-hired employee is a

matter directly related to the employee's classification and pay grade. This finding is further supported

by contrasting the issue of salary for a re-hired employee to other grievable issues previously

addressed by the Guam Supreme Court. *See Guam Fed'n of Teachers*, 2013 Guam 14. In *Guam*

*Fed'n of Teachers*, the Supreme Court found that the decision of the Guam Education Policy Board to

---

DOA Personnel Rule 6.006 provides:

> A person who is reemployed under the provisions of Rule 4.502 shall be paid at a rate to which he would have been entitled had he remained in service, but that no credit shall be given toward progressive salary step increases within the pay grade.

delay the start of the 2003-2004 school year and resulting furlough of the Petitioner fell within the scope of a "grievance" as defined in Department of Education ("DOE") Personnel Rule 909.200. *Id.* at ¶ 31-33. In making this determination, the Supreme Court found that the two week delay of the school year was a matter concerning "hours worked" and emphasized that "hours worked" is explicitly listed as a type of grievance in DOE Personnel Rule 909.200. *Id.* at ¶ 33.

The Court notes that DOA Personnel Rule 12.200 defining "grievance" is identical to DOE Personnel Rule 909.200. By contrast to the issue of "hours worked" in *Guam Fed'n of Teachers*, the issue of the salary to which the employee is entitled upon rehiring is *not* a specified type of grievance listed in DOA PR&R 12.200. In fact, the issue of "pay grade" is clearly listed in the DOA Personnel Rule 5.002 which identifies the matters concerning "classification."

Accordingly, the Court joins the decision in *Aguon v. Civil Serv. Comm'n & Dep't of Corrections* in part, and finds that a classification determination was necessarily made by GBHWC when Petitioner was rehired.[6] This is evidenced by the fact that Petitioner was asked to sign a waiver indicating her acceptance of reemployment at Step 1. The issue of whether the classification determination was correct is irrelevant because the CSC lacks jurisdiction to hear grievances related to job classification pursuant to 4 GCA § 4403(c) and DOA Personnel Rules 12.200 and 12.301(E).

---

[6] In *Aguon*, the Superior Court addressed the same issue presented in the case at bar. SP0132-18, D&O (Feb. 28, 2019). In *Aguon*, the Petitioner accepted reemployment at the Department of Corrections ("DOC") at the Step 1 pay grade, but later pursued steps 1-5 of the grievance procedure arguing that she was entitled to reemployment at her former (and higher) pay grade. *Id.* at 2. At the Step 5 grievance appeal to the CSC, the CSC granted DOC's motion to dismiss with prejudice for lack of jurisdiction, based on the Petitioner's failure to file her grievance in a timely manner. *Id.*

The *Aguon* Court addressed the issue of subject matter jurisdiction of the CSC, noting that "notwithstanding the CSC's reasoning for dismissing the grievance appeal, the Court will uphold the CSC's dismissal if it finds the CSC lacked jurisdiction based on other grounds." *Id.* at 3. The Court held that a classification determination was made upon the Petitioner's rehiring, therefore the DOC action which the Petitioner sought to appeal was excluded from the definition of "grievance" in DOA PR&R 12.200. *Id.* at 4. Thus, the Court concluded that the CSC lacked jurisdiction to hear the Petitioner's appeal. *Id.*

Additionally, Step 1 of the grievance procedure specifies that the informal nature of the procedure is intended to encourage settlement of matters "at the lowest possible administrative level" through means such as "day-to-day discussions between employees and supervisors regarding work conditions and related employment matters." DOA PR&R 12.502, 12.503(A). On a practical level, the decision to rehire an employee at a designated pay grade is not a determination that can be resolved at the lowest administrative level—in this case, the lowest administrative level would be the direct supervisor of an administrative assistant at GBHWC. Consequently, the Court finds that the pay grade of a rehired employee is a classification issue not subject to grievance and may not be reviewed by the CSC pursuant to 4 GCA § 4403(c) and DOA Personnel Rules 12.200 and 12.301(E).

Although the Court finds that the CSC lacked the jurisdiction to address this grievance because it relates to job classification, the Court notes that 4 GCA § 4403(d) authorizes the CSC to "investigate and set aside and declare null and void any personnel action of an employee in the classified service if the [CSC] finds after conducting the necessary investigation that the personnel action was taken in violation of personnel laws or rules." The required procedure for bringing a personnel action before the CSC for investigation is further specified in 4 GCA § 4403(d)(1)-(4) which is remarkably different from the process for obtaining review of a grievance matter.

Here, the Court notes that the Petitioner identified the complained-of action by GBHWC as a "Personnel Action." *See* Petition, at 3 ¶ 13. Accordingly, the Court finds that because the complained-of action by GBHWC was a personnel action and Petitioner did not avail herself of the required procedure to review personnel actions under 4 GCA § 4403(d), the Court will not entertain Petitioner's grievance appeal as if it were an appeal of a personnel action.

Because the classification issue giving rise to Petitioner's grievance appeal is not a "grievance" as defined in the DOA Personnel Rules, the Court holds that the CSC lacked jurisdiction to hear

Petitioner's appeal, and the Court therefore lacks jurisdiction to review the CSC's decision. All

remaining issues raised in Respondent's Motion to Dismiss are moot.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Respondent's Motion to Dismiss.

**SO ORDERED** this 10th day of May, 2021.

_____
**HONORABLE DANA A. GUTIERREZ**
**Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

_Jacqueline DeNapt_
_A6 - Civil Litigation_

Date: _5/10/14_ Time: _9:59 AM_

_____
Deputy Clerk, Superior Court of Guam

11